UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLORIA MCGRUDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:04CV01810 ERW |
| | ) |
| JOHN E. POTTER, | ) |
| POSTMASTER GENERAL, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff McGruder's Motion for Reconsideration of the Court's Order Vacating its Case Referral to Alternative Dispute Resolution [doc. #35], Plaintiff McGruder's Motion to Pay for Costs of Depositions and Expert Witnesses [doc. #38], and Plaintiff McGruder's Motion to Modify Case Management Order and Extend Time for Discovery [doc. #39].

A.   Motion for Reconsideration

Plaintiff requests that the Court reconsider its October 28, 2005 Order granting Defendant's Motion to Vacate Order Referring Case to Alternative Dispute Resolution. Plaintiff further seeks an order that requires Defendant to engage in good-faith mediation.

On September 6, 2005, the Court referred this case to alternative dispute resolution. On October 28, 2005, Defendant filed a motion requesting that the Court vacate its order that this case be referred to alternative dispute resolution. In support of his Motion, Defendant stated that he will be unable to make any monetary or non-monetary offer to Plaintiff during any alternative dispute resolution proceedings. The Court granted Defendant's Motion. Plaintiff now files a Motion to

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Reconsider, stating that Defendant has failed to demonstrate good cause for modifying the Case Management Order and that Defendant should be required to attend alternative dispute resolution. The Court has considered the arguments made by the parties and concludes that its decision to vacate its order referring this case to alternative dispute resolution was not in error. After reviewing representations made by counsel, the Court has concluded that alternative dispute resolution is not indicated. Therefore, Plaintiff's Motion to Reconsider will be denied.

B. Motion to Pay for Costs

Plaintiff requests that the Court "grant her Motion to pay for any and all costs relating to depositions and expert witnesses fees." In support of her Motion, Plaintiff points out that she has been permitted to proceed with this case *in forma pauperis* due to her financial inability to pay required fees and that she is being represented by appointed counsel. Plaintiff states that, in order to prepare for trial and to obtain necessary discovery in this case, it is essential that she be able to take depositions and retain expert witnesses to support her claims of discrimination. Plaintiff states that she is unable to pay for such expenses.

Local Rule 12.03 provides that, upon written motion and in the Court's discretion, disbursements may be made from the Attorney Admission Fee Non-Appropriated Fund to reimburse a court-appointed attorney for reasonable expenses incurred in representing an indigent client in a civil matter. Plaintiff has not yet expended funds for depositions or expert witness fees; however, when such funds are expended, Plaintiff may bring a motion pursuant to Local Rule 12.03 for reimbursement of those expenses.[1] Because the current Motion is premature, it will be denied at this

---

[1] In determining how to request reimbursement for reasonable expenses, counsel for Plaintiff should consult Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

time with leave to refile at a later date.

      C.      Motion to Modify Case Management Order and Extend Time for Discovery

Plaintiff requests that the Case Management Order applicable to this case be modified and that the deadline for completing discovery be extended. Plaintiff states that she filed Plaintiff's First Interrogatories Directed to Defendant and Plaintiff's First Request for Documents Directed to Defendant on June 29, 2005. Plaintiff states that she has not received Defendant's response to the First Interrogatories and that she received only a partial response to the First Request for Documents. Plaintiff states that she recently served Defendant with a Second Request for Production of Documents and a Second Set of Interrogatories on November 17, 2005. Plaintiff argues that she has been prejudiced by Defendant's refusal to comply with her initial discovery requests, preventing her from conducting further discovery and necessitating an extension of the discovery deadline. Plaintiff requests that the deadline be extended by thirty days. Plaintiff further requests that, in accordance with Federal Rule of Civil Procedure 33(a), she be granted leave to serve additional interrogatories upon Defendant.

The Court finds that there is good cause for modifying the Case Management Order. The discovery deadline will be extended by thirty days. Further, Plaintiff may serve ten additional interrogatories upon Defendant so that the number of permissible interrogatories is increased from twenty-five to thirty-five. Finally, the Court will order Defendant to show cause why sanctions should not be imposed for his failure to comply with Plaintiff's initial discovery requests.

Accordingly,

---

Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), *available at* http://www.moed.uscourts.gov/FinancialSection/Non-Appropriated%20Fund.asp.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS HEREBY ORDERED** that Plaintiff McGruder's Motion for Reconsideration of the Court's Order Vacating its Case Referral to Alternative Dispute Resolution [doc. #35] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff McGruder's Motion to Pay for Costs of Depositions and Expert Witnesses [doc. #38] is **DENIED** at this time with leave to refile at a later date.

**IT IS FURTHER ORDERED** that Plaintiff McGruder's Motion to Modify Case Management Order and Extend Time for Discovery [doc. #39] is **GRANTED**. All discovery in this matter shall be completed no later than **December 28, 2005**. The number of interrogatories Plaintiff may serve upon Defendant is increased from twenty-five to thirty-five.

**IT IS FURTHER ORDERED** that Defendant shall show case within **TEN (10)** days of the date of this Order why sanctions should not be imposed for his failure to comply with Plaintiff's initial discovery requests.

Dated this 23rd day of November, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com